HON. PETER A.A. BERLE Commissioner, Department of Environmental Conservation
This is in response to the letter of Langdon Marsh, General Counsel to your Department, dated December 28, 1976, wherein my opinion was requested concerning the effect of a 1975 amendment to § 19-0305(2)(a) of the Environmental Conservation Law on the right of the public to have access to emission data. Said letter indicated that your specific concern is whether this portion of the New York Air Pollution Control Act now complies with the Federal public access requirements.
The Federal Clean Air Act Amendments of 1970 require each state to formulate a plan for the control of air pollution and to submit such plan for Federal approval (42 U.S.C. § 1857 c-5[a] [1] and [2]). It is clear that the Federal statute requires the United States Environmental Protection Agency to disapprove such state plan to the extent that any state statute or portion thereof does not comply with Federal requirements. National Resources Defense Council, Inc. v. U.S.Environmental Protection Agency, 478 F.2d 875, 888 (1st Cir., 1973).
With particular regard to public access to emission data, the Federal scheme requires that every state plan provide "for periodic reports on the nature and amount of [statutory source] emissions" and for "availab[ility of such reports] at reasonable times for public inspection" (42 U.S.C. § 1857c-5 [a] [2] [F] [iii] and [iv]). Furthermore, the Federal statute expressly excludes "emission data" from material which may be considered confidential, and thus immune from public disclosure. 42 U.S.C. § 1857c-9(c).
The New York Air Pollution Control Act (ECL, Art. 19) empowers the Commissioner of Environmental Conservation to conduct investigations and inspections in enforcing State air pollution standards. The Act provided, prior to 1975, that "[a]ny information relating to secret processes, or methods of manufacture, or production obtained in the course of the inspection or investigation shall be kept confidential". Environmental Conservation Law, § 19-0305(2)(a).
The Administrator of the United States Environmental Protection Agency approved the above-indicated portion of the New York plan in 1972 (37 F.R. 10882-4), but rescinded this action following a successful Court challenge in National Resources Defense Council, Inc. v. United StatesEnvironmental Protection Agency, 494 F.2d 519 (2nd Cir., 1974). In that case, the Court held that § 19-0305(2)(a) did not comply with Federal requirements concerning public access to emission data. On its face, the section's confidentiality privilege was deemed so broad that it could be interpreted in some cases to protect emission data from public scrutiny.
The EPA cited a State regulation (6 NYCRR 200.2) and two letters written by the Attorney General (dated September 13, 1971 and August 1, 1973 respectively) to support its approval of the section (NRDC, Inc. v. U.S.EPA, supra, p. 522). The Court was not satisfied, however, stating that "the additional gloss provided by these materials is still ambiguous on the critical issure of conflict between demands of confidentiality and public access" (NRDC, Inc. v. U.S. EPA, supra, p. 522). The Attorney General stated, in his letter of August 1, 1973, that emission data would normally be entirely separate from secret processes and production technology. The Court pointed out, however, that some overlap was inevitable. In such cases, the Attorney General stated in his letter of September 13, 1971, the public's right to know must yield when the need for confidentiality is "overriding". The Court held that such an interpretation failed to satisfy Federal requirements, since Congress intended that "in all such cases (of overlap) public disclosure would prevail" (NRDC, Inc. v. U.S. EPA, supra, p. 523). The Court, in remanding § 19-0305(2)(a) to the Administrator, stated that New York should include "in the portion of the plan dealing with confidentiality, an explicit exception for emission data". NRDC, Inc. v. U.S. EPA, supra, p. 523.
In 1975, § 19-0305(2)(a) was amended in response to the above decision, (see Memorandum of Assemblyman Joseph R. Lentol, 1975 Legislative Annual, p. 223). The pertinent portion of that section now reads:
 "Any information relating to secret processes, or methods of manufacture, or production obtained in the course of the inspection or investigation shall be kept confidential, provided that the quantity and physical and chemical characteristics of actual and allowable air contaminant emissions shall be considered public information." (New matter emphasized.)
The question which must be resolved is whether this statute, as amended, adequately assures that emission data will always be available for public inspection, despite any possible divulgence of trade secrets. NationalResources Defense Council, Inc. v. U.S. Environmental Protection Agency,489 F.2d 390, 397-398 (5th Cir., 1974); mod. on other grounds 421 U.S. 60
(1975).
Application of basic principles of statutory construction leaves no doubt that the amended language does fulfill the Federal requirements concerning public access to emission data. The phrase "provided that" indicates that the second clause of the sentence in question supersedes the first. Any doubt in this regard is resolved by the amendment's legislative history, which clearly evinces an intent to comply with Federal requirements concerning public access to emission data (see
Memorandum of Assemblyman Joseph R. Lentol; Governor's Approval Memorandum, 1975 Legislative Annual, p. 223, p. 448-449).
It must also be noted that similar language in other State plans has received judicial approval. National Resources Defense Council, Inc. v.United States Environmental Protection Agency, 507 F.2d 905 (9th Cir., 1974).
The only regulation of the Department of Environmental Conservation pertaining in any way to public access to emission data is § 200.2 of Title 6 of the Official Compilation of Codes, Rules and Regulations (6 NYCRR 200.2), which provides that trade secrets submitted in connection with "applications, reports, plans and specifications or testing" will be kept confidential. However, § 200.2 further provides that emission data "shall be considered public information". Although this regulation remains unchanged, it is my opinion that the language thereof, read in light of the nearly identical language of § 19-0305(2)(a), is sufficient to assure public access to emission data in all cases and requires the Department of Environmental Conservation to give precedence to the public's right of access to emission data.
In view of the above, it is my opinion that § 19-0305(2)(a) of the Environmental Conservation Law, as amended, provides for public availability of emission data and makes clear that the privilege of confidentiality may not be utilized to withhold such emission data from the public.